1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   TANYA GREYWAL                                    Case No. 21-cv-1448-BAS-AGS

12                                   Plaintiff,
                                                     **ORDER GRANTING JOINT**
13        v.                                         **MOTION TO STAY (ECF No. 3)**

14   UNITED STATES OF AMERICA,

15                                   Defendant.

16

17        Before the Court is the parties' joint motion to stay proceedings pending review of

18   whether Plaintiff Tanya Greywal is a "covered employee" under the Federal Employee

19   Compensation Act ("FECA"), thus raising questions as to the propriety of this Federal

20   Torts Claim Act suit. (ECF No. 3.)  For the reasons stated below, the Court **GRANTS** the

21   parties' Motion.

22        This case arises form a slip-and-fall injury Plaintiff Tanya Greywal alleges she

23   sustained while providing patient care at the Veterans Association ("VA") San Diego

24   Healthcare System. (Compl. ¶ 2, ECF No. 1.)  Despite Plaintiff's contention otherwise,

25   Defendant avers that she was employed by the VA at the time of the incident alleged in the

26   Complaint. (Mot. 2.)  Defendant claims that Plaintiff's employment status is case-

27   dispositive, for if Plaintiff was, in fact, a VA employee, she is covered under, and bound

28   by the remedies offered pursuant to, the FECA, and, thus, precluded from asserting an

- 1 -

1  FTCA claim against Defendant.  (*Id.* (citing *Lance v. United States*, 70 F.3d 1093, 1095

2  (9th Cir. 1995)).)  To resolve this issue, Plaintiff has agreed to initiate an administrative

3  claim with the Office of Workers' Compensation Programs ("OWCP") to elicit from that

4  office a determination whether she is a covered employee pursuant to FECA.[1]  (*Id.*)  The

5  OWCP has yet to decide.  (*Id.* 3.)

6        Accordingly, the parties jointly request a 60-day stay to avoid potentially

7  unnecessary litigation and to allow the OWCP additional time to determine Plaintiff's

8  status.  Good cause appearing, the Court **GRANTS** the parties' Motion and **ORDERS** that

9  proceedings be stayed until **December 13, 2021**.  Additionally, the Court **ORDERS** that,

10  in the event the OWCP does not issue a determination within the duration of the stay, the

11  parties shall file a status report regarding the progress of that determination **by no later**

12  **than December 14, 2021**.

13        **IT IS SO ORDERED.**

14

15  **DATED: October 14, 2021**

16                                         **Hon. Cynthia Bashant**
                                           **United States District Judge**

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] Plaintiff claims that she "expressly reserves her right to contest the OWCP determination."  (Mot. 2.)

- 2 -